**UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION**

UNITED STATES OF AMERICA

v.                                           Case No.:  8:15-CR-100-T-35MAP

GINO ROBERTO PARRALES-QUIJIJE

_____

**SENTENCING MEMORANDUM**

      COMES NOW, undersigned counsel, on behalf of the Defendant, GINO ROBERTO PARRALES-QUIJIJE, and files this sentencing memorandum pursuant to 18 U.S.C. 3553. In support states as follows:

**I.    REQUEST FOR A BELOW GUIDELINE SENTENCE (VARIANCE)**

1. The Defendant respectfully requests a term of imprisonment less than that calculated by U.S. Probation (0 criminal history points, level 33, 135-168 months) which is sufficient but not greater than necessary to accomplish the objectives as set forth in 18 U.S.C. 3553.

2. The Defendant requests credit for time served in state and federal custody.

**II.    MINOR/MITIGATING ROLE**

Pursuant to U.S.S.G. 3B1.2 (see 2015 amendments effective November 1, 2015) Mr. Parrales-Quijije should receive at least a three level reduction for minor/minimal role. Mr. Parrales-Quijije's role in this case was that limited to a courier, was not a leader, organizer or planner and possessed no financial interest in the overall operation.

In determining whether to apply subsection **(a)** [minimal

participant four levels downward] or **(b)** [minor participant two levels downward], or an intermediate adjustment, the court should consider the following non-exhaustive list of factors:

(i) the degree to which the defendant understood the scope and structure of the criminal activity;

(ii) the degree to which the defendant participated in planning or organizing the criminal activity

(iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

(iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

(v) the degree to which the defendant stood to benefit from the criminal activity.

For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

**III.    PRE-SENTENCE INVESTIGATION REPORT AND THE DEFENDANT'S POSITION**

Mr. Parrales-Quijije, age 34, an Ecuadorian citizen, is married and the father of two children (his first born child died shortly after birth). Mr. Parrales-Quijije's formal education is limited to the seventh grade. His upbringing can be characterized as a horror show of mental and physical abuse (see PSR paragraphs 36-39) Mr. Parrrale-Quijije reports that his surviving children suffer physical disabilities related to premature birth (see amended PSR paragraph 50). Mr. Parr ales-Quijije has accepted responsibility for his involvement in this drug smuggling venture.

**IV.    LEGAL ANALYSIS FOR SENTENCING**

A.    Pursuant to U*nited States v. Booker*, 543 U.S. 220 (2005) and *Gall v. United States*, 128 S.Ct. 586 (2007), the Defendant respectfully requests this Honorable Court adopt the following analysis to reach a reasonable but not greater than necessary sentence:

    1.    Determine the applicable advisory federal sentencing Guideline range.

    2.    Determine whether, pursuant to the Sentencing Commission's policy statements, any variances from the advisory Guideline range apply.

    3.    Determine an appropriate sentence in light of the factors set forth in Title 18 U.S.C. Section 3553(a)(1)(3-7) each of which are to be considered with equal weight by a District Court as it gives to the advisory federal Sentencing Guidelines. The District Court may sentence a defendant below Guidelines on the *sole basis* that it disagrees with the advisory federal Sentencing Guidelines. *Spears v. United States*, 2009 WL 129044 (Jan. 21, 2008), The Court need not rely on the 3553(a) factors described above for a variance from the advisory Guidelines.

## V. THE EFFECT OF *BOOKER V. UNITED STATES OF AMERICA*

    A.    In *Booker v. United States of America*, 125 S.Ct. 785 (2005), the Federal Sentencing Guidelines were deemed unconstitutional because their mandatory nature had judges, not juries, finding facts that enhanced the sentence of a defendant.

    B.    The Supreme Court held this conflicted with a defendant's Sixth Amendment right to trial (and findings) by a jury.

    C.    As a result, the Federal Sentencing Guidelines are now advisory rather than mandatory in nature.

    D.    Notwithstanding the Supreme Court's admonitions in *Booker* and *Gall* to District Court judges that sentencing requires individualized attention to each defendant, statistics published on the Sentencing Commission's website reveal that little has changed.

        1.    Prior to *Booker*, approximately 64% of all federal cases were sentenced within the Guidelines while after *Booker* the number is 61.4%. Two-thirds of the 38.6%

       of federal defendants sentenced below the Guidelines were the result of government-sponsored motions based upon substantial assistance ***(It is anticipated the government will, at sentencing, file a motion regarding substantial assistance)***.

    2.    Justice Stevens in his concurring opinion stated: "I am not blind to the fact that, as a practical matter, many federal judges continue to treat the Guidelines as virtually mandatory after our decision in Booker." *Rita v. United States*, 551 **U.S. 338 at 336 (2007).**

## VI. THE EFFECT OF *GALL V. UNITED STATES OF AMERICA*

    A.    Pursuant to the United States Supreme Court decision of *Gall v. United States*, No. 07-7949 (U.S. Ct. Dec. 10, 2007), the Supreme Court once again ordered that broad discretion be restored to federal District Judges by stating that the Guidelines are <u>not</u> presumed reasonable and thereby allowing them to impose the sentence they deem <u>most appropriate</u> after considering all of the sentencing factors set forth in 18 U.S.C. Section 3553(a).

        1.   Further, any appellate review of a District Court decision should be made under the more deferential "abuse of discretion" standard than the previously used "de novo" standard of review.

        2.   The Supreme Court recognized in 2008 and 2009 that lower courts are still placing too much weight and emphasis on the advisory federal Sentencing Guidelines. In *Spears v. United States*, 2009 WL 129044 (Jan. 21, 2008), the Court emphasized that lower courts are in no way bound to apply the Sentencing Guidelines, and can impose a sentence lower than the Guidelines even if that sentence is based solely on the District Judge's disagreement with them:

            "Even when a particular defendant . . . presents no

> special mitigating circumstances – no outstanding service to country or community, no unusually disadvantaged childhood, no overstated criminal history score, no post-offense rehabilitation – a sentencing court may nonetheless vary downward from the advisory guideline range . . . The only fact necessary to justify such a variance is the sentencing court's disagreement with the guidelines . . ."

3. The Supreme Court, in a later decision, *Nelson v. United States*, 2009 WL 160585 (Jan. 26, 2009), reversed the Fourth Circuit for affirming a within-Guidelines sentence because of the District Court's statements at the sentencing hearing that "the guidelines are considered presumptively reasonable" and that "unless there's a good reason in the 3553(a) factors . . . the guideline sentence is the reasonable sentence."

The Supreme Court explained in *Nelson*:

> "The Guidelines are not only not mandatory on sentencing courts; they are also not to be presumed reasonable. We think it plain from the comments of the sentencing judge that he did apply a presumption of reasonableness to Nelson's Guideline range. Under our recent precedents, that constitutes error."

## VII.  18 U.S.C. SECTION 3553 - MITIGATION ANALYSIS

A. As the Guidelines are advisory, the Court is free to utilize 18 U.S.C. Section 3553(a)(1), (3)-(7) in fashioning a reasonable sentence for the Defendant. These sections require that the sentence of a federal defendant reflect:

1. The nature and circumstances of the offense and the history and characteristics of the defendant; and

2. The need for the sentence imposed:

    a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    b. to afford adequate deterrence to criminal conduct;

    c. to protect the public from further crimes of the defendant;

        d.      to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

    3.      The kinds of sentences available; and

    4.      The need to avoid unwarranted disparity among defendants with similar records and similar crimes; and

    5.      The need to provide restitution to any victims of the offense.

B.      The factors of particular importance in this matter are as follows:

    1.      The nature and circumstances of the offense.

        a.      The Defendant is not alleged to have been violent nor is this a crime of violence.

        b.      The Defendant has cooperated with authorities.

        c.      The Defendant was not the leader of this organization.

    2.      The history and characteristics of the defendant.

        The Defendant has cooperated extensively with law enforcement in this matter. By pleading guilty and indicating his willingness to testify at trial as necessary, the Defendant believes this played an integral part in other co-defendants' motivation to plead guilty. As the guidelines are advisory, this court has the authority to give credit to the Defendant in exchange for his cooperation and his assistance in this matter.

## VIII. REQUESTS FOR RECOMMENDATIONS AND MISCELLANEOUS ISSUES

A.      The Defendant respectfully requests that he be allowed to participate in educational classes regarding reading and writing in English, as well as receive vocational training in areas to be specified at sentencing and to attend substance abuse counseling and courses.

B.     The Defendant may request a housing location at sentencing and respectfully requests this Court state the reasons why it is making said recommendation.

## CONCLUSION

WHEREFORE, the Defendant, Gino Roberto Parrales-Quijije, by and through undersigned counsel, respectfully requests this Honorable Court grant the requested relief herein.

By: */S/ EDWARD LIEBLING*
Florida Bar No.: 768472
Liebling Law, LLC
35246 U.S. Hwy. 19 N., #261
Palm Harbor, Fl  34684
Telephone:  (727) 725-3600
Email: EJL1@OUTLOOK.COM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 25th, 2015, I electronically filed the foregoing document with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following:  All other counsel of record.

By: */s/ Edward Liebling*